**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| STATE OF WASHINGTON, | No.  51584-9-II |
| Respondent, | |
| v. | |
| MANUEL RAY BARNARD, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Manuel Barnard appeals the trial court's imposition of discretionary legal financial obligations (LFOs) arising from his felony conviction.  The State concedes that the criminal filing fee and deoxyribonucleic acid (DNA) collection fee should be waived.  We accept the State's concession and remand to the trial court to strike the criminal filing fee and DNA collection fee.

FACTS

Barnard was convicted of felony violation of a post-conviction no contact order related to domestic violence.  Barnard's criminal history includes prior felony convictions.  As part of Barnard's sentence, the court imposed a $200 criminal filing fee and a $100 DNA collection fee. The trial court also entered an order of indigency for Barnard.  Barnard appeals the imposition of the criminal filing fee and the DNA collection fee.

ANALYSIS

Relying on *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018), Barnard argues that the criminal filing fee and the DNA collection fee that the trial court imposed on Barnard are no longer authorized after the enactment of Engrossed Second Substitute House Bill (ESHB)

1783. The State concedes that the trial court should strike the criminal filing fee and the DNA collection fee. We accept the State's concession, and remand to the trial court to strike the criminal filing fee and DNA collection fee.

ESHB 1783 amended RCW 36.18.020(2)(h) to prohibit courts from imposing the $200 criminal filing fee on indigent defendants. LAWS OF 2018, ch. 269, § 17. The amendments to the LFO statutes apply prospectively to cases that are on direct appeal. *Ramirez*, 191 Wn.2d at 747.

Here, the trial court signed an order of indigency for Barnard. Because Barnard is indigent, the criminal filing fee is no longer authorized. RCW 36.18.020(2)(h). Thus, we remand to the trial court to strike the criminal filing fee.

ESHB 1783 amended the discretionary LFO statutes to prohibit trial courts from imposing discretionary LFOs on indigent defendants. LAWS OF 2018, ch. 269, § 6. ESHB 1783 also amended RCW 43.43.7541 to make a DNA collection fee nonmandatory if "the state has previously collected the offender's DNA as a result of a prior conviction." LAWS OF 2018, ch. 269, § 18.

Here, it is uncontested that Barnard is indigent and that he has prior felony convictions. The State asserts that Barnard previously supplied a DNA sample. Based on the State's representation that Barnard has previously supplied a DNA sample, the DNA collection fee is no longer mandatory and, therefore, no longer authorized. Thus, we remand to the trial court to strike the DNA collection fee.

In conclusion, we remand to the trial court to strike the criminal filing fee and the DNA collection fee.

No. 51584-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, C.J.

_____
Glasgow, J.

3